UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALANA SOUZA, a/k/a ALANA                 :
CAMPOS; LAURIE YOUNG, a/k/a              :
LAURIE ROMEO; VIDA GUERRA;               :
EVA PEPAJ; JAMIE EDMONDSON-              :
LONGORIA; LUCY PINDER; PAOLA             :
CANAS; URSULA SANCHEZ, a/k/a             :
URSULA MAYES; AMBER                       :
LANCASTER,                                :
            Plaintiffs,                   :
                                          :
      v.                                  :      C.A. No. 19-492JJM
                                          :
GULLIVER'S TAVERN INC. and               :
PATRICIA TSOUMAS,                         :
            Defendants.                   :

**MEMORANDUM AND ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Following the termination of a court-annexed mediation over which I presided,

Defendants Gulliver's Tavern Inc. and Patricia Tsoumas (collectively, "Foxy Lady") moved to

amend their answer principally to add several affirmative defenses.  ECF No. 21.  The motion to

amend has been referred to me for determination pursuant to 28 U.S.C. § 636(b)(1)(A).

In support of the motion to amend, Foxy Lady relies on the lenient standard in Fed. R.

Civ. P. 15(a), which directs courts "freely" to give leave as long as no deadline with respect to

amending the pleadings has expired.  See O'Brien v. Town of Bellingham, 943 F.3d 514, 527

(1st Cir. 2019) (internal quotation marks omitted).  As Foxy Lady correctly points out, the

Court's February 20, 2020, scheduling order set deadlines only affecting discovery, the filing of

dispositive motions and the addition of new defendants or third-party defendants.  ECF No. 13.

Otherwise, the Court did not set any deadline for the amendment of pleadings.  More

importantly, Foxy Lady relies on the reality that since March 31, 2020, this case was stayed by

the Court while the case was in court-annexed mediation; Foxy Lady correctly notes that the

mediation ended a year later, on March 30, 2021.[1]  This motion to amend the answer was filed

approximately six weeks later.

In opposition to the motion to amend the answer,[2] Plaintiffs present two arguments,

neither of which has any heft.

First, Plaintiffs contend that, because the dates in the old scheduling order have lapsed,

the Court may allow this amendment only if Foxy Lady can show good cause for delay.  In

support of this argument, they cite inapplicable decisions arising in cases where the court had set

a deadline for amending the pleadings, which the movant sought to extend.  E.g., Flores-Silva v.

McClintock-Hernandez, 710 F.3d 1, 3 (1st Cir. 2013); Somascan, Inc. v. Philips Med. Sys.

Nederland, B.V., 714 F.3d 62, 64 (1st Cir. 2013).  In this case, the Court set no such deadline;

therefore, the applicable standard is the lenient "freely-given" one established by Fed. R. Civ. P.

15(a).  United States ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 194 (1st Cir. 2015)

("requests for leave to amend are normally evaluated under Rule 15(a)'s leave freely given

standard . . . [unless] made in derogation of a scheduling order . . . [when] Rule 16(b)'s more

stringent good cause standard takes precedence").  Relatedly, Plaintiffs contend (inaccurately)

that the mediation in this case ended in January 2021, so that there was an inordinate delay of

"five months" before Foxy Lady moved to amend.  ECF No. 23 at 3.  In fact, as Plaintiffs are

well aware, impasse was declared on March 30, 2021, and the stay was lifted as of March 31,

2021; further, because of oversight, the stay was not actually lifted until June 1, 2021.  Plaintiffs'

---

[1] Because of an oversight in the Clerk's Office, the Court did not formally lift the stay until June 1, 2021, when it was done *nunc pro tunc* as of March 31, 2021.  The Court's text order makes clear that no party will be prejudiced by any confusion arising from the delay in the entry of the text order formally lifting the stay.

[2] The Court has considered Plaintiffs' opposition despite the fact that it was filed out of time.

opposition to the proposed amendment based on lack of good cause for a five-month delay is rejected.

Second, Plaintiffs rely on Fed. R. Civ. P. 8(c) and authority developed in the Second Circuit, which they contend stands for the proposition that affirmative defenses not promptly pled "at the earliest possible moment" are waived, without regard to the lack of prejudice or inordinate delay.  E.g., Davis v. Bryan, 810 F.2d 42, 44 (2d Cir. 1987) (internal quotation marks omitted).  Citing In re Cumberland Farms, Inc., 284 F.3d 216 (1st Cir. 2002), Plaintiffs argue that our Circuit's controlling precedent requires this Court to be equally unforgiving.  Plaintiffs overread Cumberland Farms.  In that case, the *nisi prius* tribunal had refused to entertain a statute of limitations defense raised for the first time on "the eve of the trial"; the First Circuit held only that, in the circumstances presented there, the bankruptcy court did not abuse its discretion in concluding that there would be unfair prejudice caused by the untimely presentation of a previously unasserted statute of limitations defense.  Id. at 225, 227.  Otherwise, "when there is no prejudice and when fairness dictates, . . . [u]nder Rule 15 the district court may and should liberally allow an amendment to the pleadings."  Jakobsen v. Mass. Port Auth., 520 F.2d 810, 813 (1st Cir. 1975) (citation omitted); see also O'Brien, 943 F.3d at 528 (affirmative defense not raised in answer deemed waived unless asserted without undue delay and plaintiff not prejudiced or circumstances to establish entitlement to affirmative defense did not obtain at time answer filed).

In the circumstances presented here and guided by Cumberland Farms and Jakobsen, the Court finds no prejudice at all, particularly where almost all of the delay occurred due to a mediation that was conducted under the protective umbrella of a Court-ordered stay.  Indeed, to foreclose Foxy Lady from asserting these affirmative defenses at this early stage of this case

might well amount to an abuse of discretion.  See Curran v. Camden Nat'l Corp., 477 F. Supp.

2d 247, 265 (D. Me. 2007) (appellate court will not affirm denial of leave to amend "'[u]nless

there appears to be an adequate reason for the denial,'" such as undue delay, bad faith, dilatory

motive, futility of amendment or prejudice) (quoting Glassman v. Computervision Corp., 90 F.3d

617, 622 (1st Cir.1996)).

      Based on the foregoing, Foxy Lady's motion for leave to file an amended answer (ECF

No. 21) is granted.  It is directed promptly to file the amended pleading.


/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
June 2, 2021

4